**PALLADIAN BUILDING COMPANY, INC. and Nortex Foundation Designs, Inc., Appellant and Appellee,**

v.

**NORTEX FOUNDATION DESIGNS, INC. and Palladian Building Company, Inc., Appellee and Appellant.**

No. 2–04–159–CV.

Court of Appeals of Texas, Fort Worth.

May 5, 2005.

Carpenter Law Firm, P.C., N. Scott Carpenter and James P. Acosta, Plano, for Appellant and Cross-Appellant.

MacDonald Devin, P.C., Gregory Norman Ziegler, and David C. Colley, Dallas, for Appellee and Cross-Appellee.

Panel A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

In this case of first impression, Palladian Building Company, Inc. (Palladian) appeals from a judgment dismissing its suit without prejudice against Nortex Foundation Designs, Inc. (Nortex), a design professional, because Palladian did not provide an affidavit of a third-party professional engineer as required by statute.[1] Nortex cross-appeals contending the dismissal should have been "with prejudice." We affirm.

## BACKGROUND

This case concerns a dismissal of Palladian's case under Chapter 150 of the Texas Civil Practice and Remedies Code which was enacted effective September 1, 2003. *See id.* This chapter pertains to a lawsuit against a "design professional," which means "a registered architect or licensed professional engineer." *Id.* § 150.001. The chapter specifies that when a plaintiff files a petition [2] alleging professional negligence by a design professional, the plaintiff must contemporaneously file an affidavit of a third-party design professional setting forth at least one negligent act, error, or omission claimed to exist and the factual basis for each claim. *Id.* § 150.002(a), (b).

---

**1.** *See* Tex. Civ. Prac. & Rem.Code Ann. §§ 150.001–.002 (Vernon 2005).

**2.** The statute states the plaintiff must file the expert's affidavit with the filing of plaintiff's "complaint." We interpret the statute to pertain to the filing of plaintiff's "petition," which commences a civil suit. *See* Tex.R. Civ. P. 22 ("A civil suit in the district or county court shall be commenced by a petition filed in the office of the clerk.").

The entirety of section 150.002 provides as follows:

### § 150.002. Certificate of Merit

(a) *In any action for damages alleging professional negligence by a design professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party* registered architect or *licensed professional engineer* competent to testify and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer or registered architect shall be licensed in this state and actively engaged in the practice of architecture or engineering.

(b) The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party registered architect or professional engineer could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(c) The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(d) *The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) may result in dismissal with prejudice of the complaint against the defendant.*

(e) This statute shall not be construed to extend any applicable period of limitation or repose.

Tex. Civ. Prac. & Rem.Code Ann. § 150.002 (emphasis added).

On October 1, 2003, Palladian filed its original petition against Nortex, an engineering firm that the parties agree meets section 150.001's definition of a design professional; Palladian filed its amended petition on February 9, 2004. At the time it filed its original petition and its amended petition, Palladian did not file the required expert's affidavit.

After Nortex filed its answer, it filed a motion to dismiss Palladian's petition pursuant to section 150.002(d). On April 7, 2004, Palladian responded by stating that its failure to file the required affidavit was an oversight and not intentional. Palladian did not tender the expert's affidavit, but requested additional time to amend its petition and provide the required affidavit. Palladian also asserted that Nortex had waived its right to move for dismissal because it had filed its original answer when section 150.002 did not require it to do so, and because Nortex had engaged in discovery and sought affirmative relief by filing two motions for summary judgment.[3]

On April 23, 2004, the trial court signed its judgment granting Nortex's motion and dismissing Palladian's case.[4] Although Nortex sought a dismissal with prejudice, the trial court's judgment dismissed without prejudice to refiling by Palladian.

---

3. Nortex's motion to dismiss attached two exhibits: a copy of section 150.002 and the affidavit of Robert Lemke, president of Nortex, stating Nortex is a professional engineering firm and concluding he has reviewed Palladian's petition and does not find the required affidavit. Palladian's response did not attach any exhibits. Neither Nortex's motion to dismiss nor Palladian's response to the motion to dismiss were verified.

4. Palladian did not file a motion for new trial and acknowledged in oral argument before this court that it never submitted an expert's affidavit to the trial court.

The trial court's judgment recites that on April 8, 2004, the court considered Nortex's motion to dismiss, *the evidence,* and argument of counsel. The appellate record does not indicate if an actual hearing was held on Nortex's motion to dismiss, although there is a handwritten notation on the face of the motion stating "30 min. Set 4/8/04 @2 PM [unreadable abbreviation] 4/1/04 MB." [5] Additionally, Nortex's appellate brief recites that a hearing was held on its motion to dismiss, that Palladian did not present any evidence at the hearing, and that Palladian did not request that a court reporter record the hearing.[6] We cannot determine from the record whether the "evidence" that the trial court considered consisted of the two exhibits attached to Nortex's motion to dismiss or was evidence presented at a hearing on the motion. The trial court was not requested to and did not file findings of fact and conclusions of law.[7]

## PROPRIETY OF DISMISSAL

### Standard of Review

The parties agree that we review the trial court's dismissal of Palladian's suit under an abuse of discretion standard. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 875 (Tex. 2001) (holding trial court's dismissal of case under former article 4591i was reviewed for abuse of discretion); *Roberts v. Padre Island Brewing Co.,* 28 S.W.3d 618, 619–20 (Tex.App.-Corpus Christi 2000, pet. denied); *Mercure Co., N.V. v. Rowland,* 715 S.W.2d 677, 680 (Tex.App.-Houston [1st Dist.] 1986, writ ref'd n.r.e.).

To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.*

An abuse of discretion does not occur where the trial court bases its decisions

---

**5.** The trial court's docket sheet does not reflect whether a hearing was held. The docket sheet recites: "4/8/04 Motion to Dismiss Chapter 150 TPRC.[;] 4/12/04 Dismiss Granted [judge's initials;] 4–23–04 Order Granting Defts. M. to Dsms. s/[judge's initials]."

**6.** The appellate record does not contain any request by Palladian that the court reporter prepare a reporter's record for filing in this court. *See* Tex.R.App. P. 34.6(b). On the docketing statements filed by the parties, each party has checked the box "None" following "Reporter's or Recorder's Record." This could be construed to mean no reporter's record exists because there was no hearing held on Nortex's motion, or a hearing was held but it was not recorded by the court reporter.

**7.** We do not intend to imply that findings of fact and conclusions of law are required following a dismissal under section 150.002. Rather, findings of fact, although not required, can properly be considered by the appellate court in an appeal from any judgment based in any part on an evidentiary hearing. *See IKB Indus. (Nigeria) v. Pro–Line Corp.,* 938 S.W.2d 440, 443 (Tex.1997); *see also Int'l Union v. General Motors Corp.,* 104 S.W.3d 126, 128–29 (Tex.App.-Fort Worth 2003, no pet.) (holding findings and conclusions are appropriate following evidentiary hearing if trial court is called upon to determine questions of fact based on conflicting evidence but not where trial court rules without determining questions of fact); *Samuelson v. United Healthcare of Tex., Inc.,* 79 S.W.3d 706, 710 (Tex.App.-Fort Worth 2002, no pet.) (holding that where abuse of discretion standard of review applies to a trial court's ruling, findings of fact and conclusions of law, while helpful, are not required).

on conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978); *see also Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997). Furthermore, an abuse of discretion does not occur as long as some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.,* 84 S.W.3d 198, 211 (Tex.2002).

### Did Nortex waive its right to seek a dismissal under section 150.002?

▆▆▆ Palladian contends that Nortex waived its right to complain that Palladian failed to file the required expert's affidavit because Nortex substantially invoked the judicial process prior to filing its motion to dismiss. Waiver is an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Jernigan v. Langley,* 111 S.W.3d 153, 156 (Tex.2003); *Sun Exploration and Prod. Co. v. Benton,* 728 S.W.2d 35, 37 (Tex.1987). Although waiver is ordinarily a question of fact, when the facts and circumstances are admitted or clearly established, the question becomes one of law. *Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 111 (Tex.1999). There can be no waiver of a right if the person sought to be charged with waiver says or does nothing inconsistent with an intent to rely upon such right. *Jernigan,* 111 S.W.3d at 156; *Maryland Cas. Co. v. Palestine Fashions, Inc.,* 402 S.W.2d 883, 888 (Tex.1966).

Palladian acknowledges there is no case-law to support its contention that the doctrine of waiver applies to a dismissal sought under section 150.002, but Palladi-

an analogizes the facts of the instant case to cases involving arbitration that have held that a party has waived its right to compel arbitration by substantially invoking the judicial process.[8]

Palladian argues that Nortex voluntarily filed numerous documents and sought affirmative relief in the trial court, and therefore the doctrine of waiver applies so as to preclude Nortex from complaining of Palladian's non-compliance with section 150.002. Specifically, Palladian argues that Nortex filed an original and an amended answer before it was required to do so under section 150.002(c), responded to interrogatories, propounded requests for production, responded to requests for production, propounded requests for disclosures, responded to requests for disclosure, noticed and deposed Palladian's corporate representative, and filed two motions for summary judgment.

▆▆▆ If our analysis of Palladian's waiver argument could be based solely on a review of documents contained in the trial court's file that are included in the clerk's record on appeal, it would be irrelevant that a reporter's record has not been filed from any hearing held on Nortex's motion to dismiss. However, although the clerk's record on appeal contains Nortex's original and amended answers, it does not contain any of the other documents that Palladian relies upon in support of its assertion that Nortex had sought affirmative relief and substantially invoked the judicial process in the trial court, and had therefore waived its right to seek dismissal.[9] We are not permitted to consider unsworn

---

8. Palladian cites the following cases that deal with waiver in the context of arbitration: *In re Bruce Terminix Co.,* 988 S.W.2d 702 (Tex. 1998) (orig.proceeding); *In re Winter Park Constr., Inc.,* 30 S.W.3d 576 (Tex.App.-Texarkana 2000, orig. proceeding); *EZ Pawn Corp. v. Gonzalez,* 921 S.W.2d 320 (Tex.App.-Corpus Christi 1996, writ denied); *Marble Slab*

*Creamery, Inc. v. Wesic, Inc.,* 823 S.W.2d 436 (Tex.App.-Houston [14th Dist.] 1992, no writ).

9. Additionally, Palladian's request to the trial court clerk to include items in the appellate record did not contain a request for any of these items. *See* TEX.R.APP. P. 34.5(b)(1).

statements in an appellate brief regarding the procedural history of the case in the trial court, unsupported by documents in the appellate record.

We conclude it was not unreasonable or inconsistent for Nortex to elect to file an original or amended answer prior to filing its motion to dismiss for Palladian's failure to file the required expert's affidavit. Without determining whether a plaintiff may in fact assert the doctrine of waiver in response to a defendant's motion to dismiss under section 150.002, we hold that based upon the appellate record in this case Nortex took no action that would preclude it from seeking dismissal of Palladian's lawsuit.

**Did the dismissal constitute the equivalent of a death penalty sanction that violated *TransAmerican Natural Gas Corp.*[10] and was therefore an abuse of discretion?**

Section 150.002(d) provides that a plaintiff's failure to file the required expert's affidavit *"may* result in dismissal with prejudice." Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d) (emphasis added). This is directory language that gives a trial court discretion in determining whether it is appropriate to dismiss a plaintiff's case when an expert's affidavit is not filed by plaintiff. *See* Tex. Gov't Code Ann. § 311.016 (Vernon 2005) (Code Construction Act specifies that " 'May' creates discretionary authority or grants permission or a power.").

 Palladian contends we must review the trial court's dismissal judgment to determine if there is a direct relationship between Palladian's offensive conduct and the sanction imposed, and whether the sanction is excessive. However, because we do not have a reporter's record from any hearing held on Nortex's motion to dismiss, we cannot review what occurred at the hearing. Without a record of the evidence and argument presented to the trial court, we are unable to conclude that the trial court abused its discretion in exercising its discretionary power to dismiss Palladian's suit.

*Conclusion*

We hold the trial court did not abuse its discretion in dismissing Palladian's suit against Nortex because Palladian failed to file the affidavit required by section 150.002. We overrule Palladian's sole issue.

## DISMISSAL WITH OR WITHOUT PREJUDICE?

Section 150.002(d) provides that "[t]he plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) may result in dismissal with prejudice of the complaint against the defendant." Tex. Civ. Prac. & Rem.Code Ann. § 150.002(d).[11] The trial court dismissed Palladian's case against Nortex without prejudice. In its sole issue on cross-appeal, Nortex contends that under the plain meaning of section 150.002(d), once the trial court exercised its discretion and determined that dismissal of Palladian's suit was appropriate, the case must be dismissed with prejudice because the statute does not give the trial court any other option.

---

**10.** *TransAmerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 918 (Tex.1991)(orig.proceeding).

**11.** *Compare* section 150.002(d) *with* section 74.351(b) of the Texas Civil Practice and Remedies Code which provides that if a plaintiff in a health care liability case fails to timely submit an expert report, the trial court "shall ... enter an order that ... dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim." Tex. Civ. Prac. & Rem.Code Ann. §§ 150.002(d), 74.351(b) (Vernon 2005).

### Standard of Review

The parties disagree regarding the standard of review we should apply when analyzing Nortex's argument that the trial court should have dismissed Palladian's lawsuit with prejudice. Nortex argues that matters of statutory construction are questions of law to which appellate courts apply a *de novo* standard of review. Palladian disagrees and contends we must determine whether the trial court abused its discretion in dismissing without prejudice. Palladian argues that the specific language of section 150.002(d)—"may dismiss with prejudice"—necessarily implies that the trial court had discretion to dismiss with or without prejudice.

We agree with Nortex that statutory construction is a question of law that we review *de novo*. *See Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). However, once we determine the proper construction of the statute, we must then review whether the trial court abused its discretion in the manner in which it applied the statute to the instant case.

Our primary goal in construing a statute is to ascertain and effectuate the legislature's intent, *see Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 960 (Tex.1999), which we determine from the plain and common meaning of the actual language used. *See In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 486–87 (Tex.2001) (orig.proceeding). We should read every word, phrase, and expression in a statute as if it were deliberately chosen. *Calstar Props., L.L.C. v. City of Fort Worth*, 139 S.W.3d 433, 438 (Tex.App.-Fort Worth 2004, no pet.). Every word of a statute must be presumed to have been used for a purpose; likewise, every word excluded from a statute must also be presumed to have been excluded for a purpose. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex.1995). Only when it is necessary to give effect to the clear legislative intent can we insert additional words into a statutory provision. *See Hunter v. Fort Worth Capital Corp.*, 620 S.W.2d 547, 552 (Tex.1981).

### Discussion

Although Nortex in its briefs and in oral argument discussed what it believed the legislature intended when it enacted section 150.002 (to thwart frivolous suits against design professionals), it does not cite us to any legal reference, legislative history, or other authoritative comments in support of its argument. Palladian acknowledged in oral argument that no legislative history exists regarding the legislature's intent in enacting the statute, and that the statute itself does not reflect its purpose or include a stated policy.

As discussed earlier in this opinion, the legislature used directory language when it provided that failure to file the required expert's affidavit "may result in dismissal with prejudice." Obviously, the trial court has broad discretion in determining whether dismissal of a plaintiff's case is appropriate. Once the trial court exercises this discretion and determines that dismissal is warranted, the statute is worded so as to permit but not require that the dismissal be with prejudice. Applying the applicable rules of statutory construction, we conclude that the statute may be construed to give a trial court authority to dismiss with or without prejudice. If the legislature had intended to mandate that the trial court only dismiss with prejudice, the statute could easily have been so worded; therefore, we presume the legislature had a purpose when it used the words "*may* result in dismissal with prejudice." [Emphasis added.]

### Conclusion

We hold the trial court did not abuse its discretion in dismissing Palladian's suit

against Nortex without prejudice. *See* Tᴇx. Cɪᴠ. Pʀᴀᴄ. & Rᴇᴍ.Cᴏᴅᴇ Aɴɴ. § 150.002(d). Accordingly, we overrule Nortex's sole issue.

## CONCLUSION

Because we have overruled the issues of both appellants, we affirm the judgment of the trial court.