IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



Nos. 10-04-00349-CR,
10-04-00350-CR,

10-04-00351-CR &
10-04-00352-CR

 

Robert Lee Austin, III,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 82nd District Court

Falls County, Texas

Trial Court Nos. 8001, 8002,
8003 & 8004

 



MEMORANDUM  Opinion



 








          Robert Lee Austin, III pleaded guilty
before a jury to four separate charges: murder and three charges of aggravated
assault.  The jury assessed his punishment at seventy-five years’ imprisonment
on the murder charge, twenty years’ imprisonment on one of the aggravated
assault charges, and ten years’ imprisonment on each of the remaining
aggravated assault charges.  Austin contends in his sole issue that his guilty
pleas must be set aside because the record does not reflect that they were made
knowingly and voluntarily.  We will affirm.

The Guilty Pleas

          Before the commencement of voir dire, Austin’s counsel advised the court that Austin intended to plead guilty to each charge. 
Below are excerpts from the interchange which occurred thereafter among the
court, Austin, Austin’s counsel, and the prosecutor.

          COUNSEL:   For the record, Your Honor,
the State originally floated an offer of 30 years contingent on the family’s
acceptance.  I had conveyed that to my client.  We discussed the fact this is a
5- to 99-year sentence.  He is probation eligible; he knows that as well.  And
we had made a determination to accept that plea offer.  However, the
contingency did not come through.  The family wanted a trial, and the State
withdrew their offer.

 

                              I talked to my
client about his right to have a jury trial in the guilt-innocence phase.  We
discussed that as well as the punishment.  It was our decision and Mr. Austin’s
ultimate decision to plead guilty to the Court and then go to the jury for
punishment on this issue.

 

          . 
.  .  .

 

          COURT:       Okay.  First of all, are
there any mental issues that we need to deal with concerning competency to
stand trial?  Mr. Austin appears to be fine and able to articulate himself. 
Are there any mental issues that we need to deal with concerning—

 

          COUNSEL:   None
the defense is aware of, Your Honor.

 

          . 
.  .  .

 

          COURT:       Now, Mr. Austin, in the
event that you plead guilty to these charges—and I haven’t asked for your
formal plea at this time, but I did want to advise you the same thing that I’m
sure your attorney has advised you, that you are waiving all issues on the
guilt or innocence phase of this trial.  Do you understand that?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  A plea of guilty
means exactly what it means: That you’re pleading guilty to it.

 

          AUSTIN:      Yes, sir.

 

          COURT:       And so, therefore, you’re
waiving any issues, any legal matters that you could raise as to a charge or
any other legal issue as to the guilt or innocence phase of this trial.  Do you
understand that?

 

          AUSTIN:      Yes, sir.

 

          . 
.  .  .

 

          COURT:       We’ve gone over the
punishment.  You understand the punishment range.  Now, you’ve also filed, I
assume, in each one of these cases an application for probation?

 

          COUNSEL:   They
are on file, Your Honor.

 

          COURT:       Okay.  And the jury will
be so instructed of that.  But you understand this is the jury’s call.  There
is no recommendation from the district attorney’s office in the nature of a
plea bargain agreement to you.  There’s no cap on any of these; is that
correct?

 

          PROSECUTOR:
     Correct.

 

          COURT:       Okay.  In other words,
whatever the full range of punishment is that we’ve gone over with you, the 2
to 20, and the 5 to 99, that is the range that the jury will be instructed.  Do
you understand that?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  Now, there are
punishment issues that can be raised, as I understand, on the sudden passion
issue, and if those are properly raised to the Court’s satisfaction, then the
jury will be so instructed in the punishment phase on the issue of sudden
passion.  Do you understand that?

 

          AUSTIN:      Yes, sir.

 

          [Austin enters guilty plea to each charge]

 

          COURT:       Okay.  Are you pleading
guilty of each one of those of your own free will and accord?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Have
you had sufficient time to consult with your attorney?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Any
questions that you need to ask your attorney at this time?

 

          AUSTIN:      No, sir.

 

          COURT:       I recognize that your
attorney has spent a considerable amount of time in this case talking to you
about it, looking at the evidence that’s been offered by the district
attorney’s office.  Is there anything you need to take up with me at this time
concerning the performance of your attorney?

 

          AUSTIN:      No, sir.

 

          COURT:       Okay.  Are you satisfied
100 percent with his performance, his investigation, his consultation with you
on these matters?

 

          AUSTIN:      Yes, sir.

 

          COURT:       Okay.  And are you
pleading guilty to each one of these because  you are guilty and for no other
reason?

 

          AUSTIN:      Yes, sir.

 

Validity of the Guilty Pleas

          Austin contends in his sole issue that
his guilty pleas are invalid because the record does not reflect that the court
admonished him that he was waiving his privilege against compelled
self-incrimination and the right to confrontation.

          However, when a defendant pleads
guilty before a jury without the benefit of a plea agreement, the defendant
does not waive his privilege against self-incrimination.  Carroll v. State,
42 S.W.3d 129, 132 (Tex. Crim. App. 2001) (citing Mitchell v. United States,
526 U.S. 314, 326-27, 119 S. Ct. 1307, 1314, 143 L. Ed. 2d 424 (1999)).  Thus, Austin is left to argue that his pleas are invalid because the record does not reflect
that the court admonished him that he was waiving his right of confrontation.

          The procedural facts of Austin’s case are similar to those presented to the Court of Criminal Appeals in Gardner
v. State, 164 S.W.3d 393 (Tex. Crim. App. 2005).  Like Austin, the
appellant in Gardner contended that his plea was invalid “because the record
d[id] not affirmatively show that appellant understood the nature of the
constitutional due process protections that he was waiving when he pled
guilty.”  Id. at 398.

          The Court observed that the
intelligent and knowing nature of that appellant’s plea was shown in part by inference
from his counsel’s statements that he “would testify even though he did not
have to under the Fifth Amendment” and that his plea “saved the victim from
having to testify and saved the jury the ‘grueling experience’ of determining
[his] guilt.”  Id. at 399 (citing Henderson v. Morgan, 426 U.S. 637, 647, 96 S. Ct. 2253, 2258, 49 L. Ed. 2d 108 (1976) (“it may be appropriate to
presume that in most cases defense counsel routinely explain the nature of the
offense in sufficient detail to give the accused notice of what he is being
asked to admit”); United States v. Henry, 933 F.2d 553, 559 (7th Cir.
1991) (“defendant’s intelligent awareness” of constitutional rights “can be reasonably inferred from the transcript”)).

          The Court also observed:

                   The voluntary nature of
appellant’s guilty plea is further shown in the record by the overwhelming
evidence that appellant’s guilty plea was part of a strategy (which we may also
infer was done in consultation with competent counsel) to persuade the jury to
grant appellant probation.  Unlike this case, the record in Boykin was
silent on whether the defendant’s guilty plea was part of some trial strategy. 
See Boykin [v. Alabama], 395 U.S. [238,] 240, 89 S.Ct. 1709[, 1710,
23 L. Ed. 2d 274 (1969)] (“Trial strategy may of course make a plea of guilty
seem the desirable course.  But the record is wholly silent on that point and
throws no light on it.”).  We further note that in Brady, the Supreme
Court upheld the validity of a guilty plea accompanied by admonishments similar
to those here.  Brady [v. United States], 397 U.S. [742,] 743-44 n.2, 90 S. Ct. 1463[, 1466 n.2] and at 754-55[, 90 S. Ct. at 1472, 25 L. Ed. 2d 747
(1970)] (noting that defendant’s guilty plea was “entered in open court and
before a judge obviously sensitive to the requirements of the law with respect
to guilty pleas”).

 

Id. at 399-400 (footnote omitted).

          Here, it may be reasonably inferred
from counsel’s statements on the record that counsel thoroughly explained Austin’s right to a jury trial and the rights he would be forfeiting if he pleaded
guilty.  “The voluntary nature of [Austin]’s guilty plea is further shown in
the record by the overwhelming evidence that [his] guilty plea was part of a
strategy (which we may also infer was done in consultation with competent
counsel) to persuade the jury to grant [him] probation.”  See id.

Accordingly, we overrule Austin’s sole issue and
affirm the judgment in each case.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Affirmed

Opinion delivered and
filed January 4, 2006

Do not publish

[CRPM]

 






tion not comport with fair play and substantial justice
when the nonresident defendant has purposefully established minimum contacts
with the forum state."  Id. at 231 (citing Burger King, 471 U.S. at 477).  Nonetheless, we still consider: (1) the burden on the defendant; (2) the
interests of the forum state in adjudicating the dispute; (3) the plaintiff's
interest in obtaining convenient and effective relief; (4) the interstate
judicial system's interest in obtaining the most efficient resolution of
controversies; and (5) the shared interest of the several states in furthering
fundamental substantive social policies.  Retamco Operating, Inc. v. Republic
Drilling Co., 278 S.W.3d 333, 341 (Tex. 2009); Guardian Royal, 815
S.W.2d at 228, 231.

            Trigon contends that it will be unduly
burdened to try the case in Texas because all of it employees who may have
knowledge of the relevant facts reside in Colorado.  However, Trigon had no
previous problem sending employees to Texas to participate in training or to
gather information.  We do not perceive an undue burden, then, in trying a
lawsuit in Texas.  Trigon also claims that Texas has no interest in
adjudicating the dispute between Trigon and J7.  However, Texas has an interest
in adjudicating disputes involving Texas residents and Texas is a convenient
forum to adjudicate this dispute.  See Lewis v. Indian Springs Land
Corp., 175 S.W.3d 906, 919 (Tex. App.—Dallas 2005, no pet.).  Further,
Trigon contends that the most efficient and complete resolution of the dispute
could only happen in Colorado.  Notwithstanding that the work was to be
performed in Colorado, the shared interest of other states in furthering fundamental
substantive social policies can be implemented by Texas courts as effectively
as the courts in Colorado.  See id.  

            Weighing the various factors, we find
that the exercise of general jurisdiction over Trigon by a Texas court does not
offend traditional notions of fair play and substantial justice.

            Trigon’s first issue is overruled.

Section 150.002

            In its second issue, Trigon argues
that the trial court erred in denying its motion to dismiss J7’s suit due to
J7’s failure to file a certificate of merit required by section 150.002 of the
Texas Civil Practice and Remedies Code.  At the time J7 filed its suit against
Trigon, section 150.002 required a plaintiff, in a suit for damages arising out
of professional services by a licensed or registered professional, to file with
the complaint a "certificate of merit"—the affidavit of a third-party
licensed professional engineer.  See Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (amended 2009) (current
version at Tex. Civ. Prac. & Rem.
Code Ann. § 150.002(a) (Vernon Supp. 2009)).  The current version of
Section 150.002 applies to a suit filed or commenced on or after September 1, 2009, the effective date of the amendments.  Here, J7 originally filed its
suit against Trigon on May 26, 2009.  Accordingly, we apply the former version of section 150.002 in this case.  See Ustanik v. Nortex Found.
Designs, Inc., 2010 Tex. App. LEXIS 4539, *1-2, ___ S.W.3d ___ (Tex. App.—Waco June 16, 2010, pet. filed).

            The parties do not dispute that J7
failed to file the certificate of merit with its suit.  The required result of
that failure is a “dismissal of the complaint,” with or without prejudice.  See
Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369,
370 (amended 2009) (current version at § 150.002(e)).  The trial court denied
Trigon’s motion to dismiss J7’s suit.

Standard of Review

            We review a trial court's decision on
a motion to dismiss a case for failure to comply with section 150.002 for an
abuse of discretion.  Ustanik v. Nortex Found. Designs, Inc., 2010 Tex. App. LEXIS 4539, *2, ___ S.W.3d ___ (Tex. App.—Waco June 16, 2010, pet. filed); Palladian Bldg. Co. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.); see also Jernigan v. Langley, 195 S.W.3d
91, 93 (Tex. 2006) (applying similar statute in context of healthcare liability
suits).  However, if resolution of the issue requires us to construe statutory
language, we review under a de novo standard.  See Entergy Gulf States,
Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009); Palladian Bldg.,
165 S.W.3d at 436 (citing Tex. Dep't of Transp. v. Needham, 82
S.W.3d 314, 318 (Tex. 2002)).  Once we determine the proper construction of the
statute, we determine whether the trial court abused its discretion in the
manner in which it applied the statute to the instant case.  See Palladian
Bldg., 165 S.W.3d at 436.

Non-negligence Claims

            In response to Trigon’s motion to
dismiss and on appeal, J7 argues that the trial court did not err in failing to
dismiss its claims because the claims remaining after J7 amended its petition
for the second time are non-negligence claims and are not subject to the
requirement for a certificate of merit.  J7 alleged in its second amended
petition claims for tortious interference and fraud.  

            Some courts have held that, under the
2005 version of section 150.002, the filing of a certificate of merit is not
required for non-negligent claims.  See Landreth v. Las Brisas
Council of Co-Owners, Inc., 285 S.W.3d 492, 500 (Tex. App—Corpus Christi
2009, no pet.); Consol. Reinforcement v. Carothers Exec. Homes, Ltd.,
271 S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.); Kniestedt v. Sw. Sound
& Elecs., 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.). 
In 2009, the statute was amended to specifically address this determination
which had been initiated by the San Antonio Court in 2007.  See 2009
Legis. Bill Hist. TX S.B. 1201  (“This issue arose out of a couple of 2007
court cases from the San Antonio 4th Court of Appeals, which said that although
the statute was broadened in 2005 from ‘negligence’ actions to ‘any action
arising out of the provision of professional services,’ the affidavit
requirement still spoke only to negligence. Therefore, the court did not agree
that it applied to actions other than negligence, despite clear language in the
statute and the fact that it was specifically amended to broaden it in 2005 (HB
1573)”).  

            As we discussed in Ustanik,
under a proper analysis of the 2005 act, it may be that if there is not a
certificate of merit filed with the petition, the trial court is required to
dismiss not only any negligence claim but also “any action arising out of the
provision of professional services.”  See Ustanik v. Nortex Found.
Designs, Inc., 2010 Tex. App. LEXIS 4539, *11, ___ S.W. 3d ___,  (Tex. App.—Waco June 16, 2010, pet. filed).  At this time,  we find it unnecessary in this
proceeding to resolve that question.

            In Ustanik, we determined that,
like the First Court in Ashkar, we look to the plaintiff’s pleadings to
determine whether the additional claims asserted were non-negligence claims and
are not bound by the labels of the claims used by the plaintiff.  See id.
at *12; Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp., No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769, *22 (Tex. App.—Houston [1st Dist] Feb. 4, 2010) (mem.) (appeal dism'd, 2010 Tex. App. LEXIS 2807, April 15, 2010).  Contra Consol. Reinforcement, 271 S.W.3d at 894; Gomez v. STFG,
Inc., No. 04-07-00223-CV, 2007 Tex. App. LEXIS 7860, *6-7 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (both cases holding that claims merely labeled
as non-negligence claims were not subject to the requirement of a certificate
of merit).  Accordingly, we look to J7’s pleadings to determine if its claims
are, in fact, non-negligence claims.

Factual Allegations 

            According to the second amended
petition, OneOK, a subsidiary of a company involved in the natural gas
business, hired Trigon to provide engineering services for and supervise production
of a natural gas pipeline in Colorado.  The two companies sent bid requests to Texas.  J7 was one of the pipeline companies that
responded.                                                                                                            
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                           

            J7 based its bid on the information
provided by Trigon.  After reviewing the bid, Trigon asked J7 to lower its
bid.  The contract was awarded to J7 based on the lowered bid.  According to
the provided bid information, the project was to begin around August 4, 2008 and be completed by November 2008.  J7 began moving personnel and equipment
in early August but because of delays in the procurement of materials, as well
as other issues with Trigon, work was delayed.  Trigon did not tell J7 why the
start date was delayed or disclose that materials were not going to be timely
provided.  Trigon insisted, however, that J7 increase its personnel and
equipment.

            Delays continued to occur on the
project.  There were delays in receiving necessary materials, surveys and X-ray
inspections were not timely completed by Trigon, and Trigon required J7 to
follow improper specifications and procedures.  One survey provided by Trigon
placed a pipeline through old bridge pilings in a river that could not be
penetrated by drilling equipment.  J7 had to drill significantly deeper to go
under the pilings.  When it was time for hydrostatic testing, OneOK refused to
provide the water it had previously agreed to provide.  After 21 days of delay
and after refusing alternative suggestions by J7, Trigon instructed J7 to use
irrigation water pumped from area canals.  The water was unclean and needed
filtration.  Filters were replaced “constantly.”  After filtration, the water
was still fouled which required J7 to perform extensive “dewatering” to clean
out the pipes.

            Hydrotesting revealed that gaskets
provided by Trigon were inadequate to hold the pressure.  The specifications
that Trigon required J7 to use in tightening the gaskets were incorrect and
damaged the gaskets.  J7 was forced to replace these and other parts.

            J7 incurred “massive” additional
expenses on the project due to delays by Trigon and due to the changes and
increases to the scope of J7’s work beyond what was stipulated in the
contract.  Expenses caused by downtime, improper engineering and surveying,
faulty equipment and other changes greatly increased J7’s damages.

Claims Against Trigon

            Before Trigon filed its motion to
dismiss pursuant to section 150.002 of the Texas Civil Practice and Remedies
Code, J7 alleged claims of negligence, negligent misrepresentation, and
tortious interference.  Each of these claims were based on inaccurate or
misrepresented information provided by Trigon about the project and the plans
for completing the project.  Four days after Trigon filed its motion to dismiss
and three months after J7 filed its first amended petition, J7 dropped its
negligence and negligent misrepresentation claims, added more to the tortious
interference claim, and added a fraud claim.

 

            Tortious Interference

            In its second amended petition, J7
alleges that Trigon was aware of the contract between OneOK and J7 and that
Trigon willfully and intentionally interfered with the contract by
misrepresenting facts, failing to disclose facts, providing false information,
and delaying J7’s performance under the contract.  

            Fraud

            J7 also alleges that Trigon
misrepresented or failed to disclose material information to J7 regarding the
project and the contract in both procuring the contract and in altering goods
and services provided under the contract.  J7 alleges that Trigon knew the
information was false or was reckless in regard to the falsity of the
information and failed to disclose critical information or made representations
with the intention that J7 rely on those representations.  J7 further alleges
that Trigon knew that pipe bends, valves, and necessary pieces of equipment
would not be delivered to the jobsite in a timely manner and did not disclose
the delays to J7.

            In reviewing the claims and factual
allegations in J7’s second amended petition, we conclude the underlying
complaint of J7 against Trigon is that J7 was injured by Trigon’s failure to
disclose information and in providing inaccurate information, such as incorrect
surveys.  Thus, we believe that J7’s claims of tortious interference and fraud
constitute claims of professional negligence within the meaning of the statute
and as such require a certificate of merit.  Accordingly, the trial court
abused its discretion in failing to dismiss J7’s claims against Trigon due to
J7’s failure to file the required certificate of merit.  Trigon’s second issue
is sustained.

Good Cause

            J7 argues that even if Chapter 150
applies, it should be given an extension of time for good cause to comply with
the certificate of merit requirement.  J7 relies on the last sentence of
section 150.002(b) where the statute provides, “The trial court may, on motion,
after hearing and for good cause, extend such time as it shall determine
justice requires.”  Tex. Civ. Prac.
& Rem. Code Ann. § 150.002(b) (Vernon Supp. 2009) (emphasis added). 
However, the phrase “such time” refers to the 30 days given a plaintiff who has
not complied with the contemporaneous filing requirement of subsection (a)
because the limitation period for the filing of the suit expires within 10 days
of the date of filing and because of that time constraint, a certificate
of merit cannot be prepared and timely filed.  In those cases, the trial
court may grant an extension for good cause.  J7 has not alleged that it could
not provide a certificate of merit because the limitation period for filing its
suit would have expired within 10 days from the filing of the suit.  Therefore,
this “good cause” exception is not available to J7.

Conclusion

            Having overruled Trigon’s issue
regarding its special appearance but sustained its issue regarding the
certificate of merit, the trial court’s order denying Trigon’s special
appearance is affirmed and the trial court’s order denying Trigon’s motion to
dismiss is reversed.  This case is remanded for further proceedings.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

            (Justice
Davis concurring and dissenting with a note)*

Affirmed
in part and reversed and remanded in part

Opinion
delivered and filed September 15, 2010[1]

[CV06]


 

            *(“Justice
Davis concurs with this Court’s judgment on the first issue.  He dissents to
this Court’s judgment on the second issue.”)









[1]  Due to a typographical error, the Memorandum
Opinion, but not the judgment, issued September 1, 2010 is withdrawn and
replaced with this opinion issued on September 15, 2010.