02-10-030-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00030-CV

 

 


 
 
 TDIndustries, Inc.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Citicorp North America, Inc.
 
 
  
 
 
 APPELLEE
 
 


 

 

------------

 

FROM THE 362nd
District Court OF Denton COUNTY

------------

OPINION

------------

I.  Introduction

This
is an interlocutory appeal of the trial court’s order denying appellant TDIndustries,
Inc.’s motion to dismiss appellee Citicorp North America, Inc.’s case involving
negligence against TDI.[1]  In three issues, TDI
argues that the trial court abused its discretion by failing to dismiss it from
this case.  We will reverse and remand.

II.  Background

Citicorp
filed suit against numerous parties, including TDI, on February 26, 2009. 
Citicorp’s suit sought damages against TDI and others related to the
installation and retrofit of complex machinery and equipment.  Among other
things, recovery was sought for damages caused by a fire involving a generator
retrofitted with a selective catalytic reduction (“SCR”) exhaust scrubber for
emissions reduction purposes, which TDI allegedly installed.  Citicorp claims
the SCR produced more “backpressure” than anticipated, causing the fire.  Specifically,
Citicorp’s petition alleged that TDI “owed a duty to [Citicorp] to exercise
reasonably prudent and ordinary care in the installation [of the SCR].” 
Citicorp also pleaded that TDI committed the following negligent acts:

a.       Failing to
adequately and properly inspect the generators and their respective exhaust
systems, which inspection would have provided [TDI] with the actual
backpressure for the [SCR];

 

b.       Failing to
verify existing backpressure conditions and field conditions of the exhaust
system prior to the installation of the [SCR];

 

c.       Failing to
take reasonable and necessary precautions so as to prevent the risk of harm to
[Citicorp’s] personal property;

 

d.       Failing to
perform an exhaust system back pressure test following the [SCR’s] exhaust
scrubbers retrofit; and

 

e.       Otherwise,
failing to use due care under the circumstances.

 

Citicorp
filed its first amended petition on April 1, 2009.  This petition included a
certificate of merit concerning the alleged professional engineering negligence
of another defendant regarding the installation and retrofit of the SCR, but Citicorp
did not file a certificate of merit regarding its claims against TDI.  See
Tex.
Civ. Prac. & Rem. Code Ann. § 150.002 (Vernon 2005).  Citicorp again
amended its petition on July 29, 2009, without including a certificate of merit
concerning its claims against TDI.  Believing that Citicorp was required to
file a certificate of merit pertaining to Citicorp’s claims against it, TDI
filed a motion to dismiss.  In its motion, TDI alleged that Citicorp was in
fact complaining of acts or omissions by TDI that implicate engineering
services and the applicable standard of care for rendering engineering
services; thus, a certificate of merit was required.  Citicorp did not dispute
in its response, nor now on appeal, that TDI is a “licensed or registered
professional,” that it did not file a certificate of merit regarding its claims
against TDI with its original or live petition, or that it failed to file a
certificate of merit setting forth specifically a negligent act, error, or
omission of TDI.  Instead, Citicorp responded that “the testing and
verification of backpressure conditions does not necessarily involve the
provision of professional services by a licensed professional engineer.”  [Emphasis
added.]  Citicorp also noted that in TDI’s initial responses to disclosure, it
denies having engineering or design obligations or backpressure testing
responsibilities.  Both parties filed affidavits in support of their
positions.  The affidavits were filed by Citicorp’s expert, Timothy B. Hatch,
and TDI’s senior vice president responsible for engineering, Larry Stephen Canter.
 Canter averred that in his professional opinion, the allegations against TDI
would necessarily involve the use of engineering skill and duties.  Hatch
averred that the allegations against TDI do “not necessarily involve the
provision of professional services by a licensed professional engineer.”  On
January 29, 2010, after hearing TDI’s motion, the trial court entered an order
denying TDI’s motion to dismiss.  This appeal followed.

III.  Discussion

          In
three issues, TDI complains that the trial court abused its discretion by
denying its motion to dismiss.  TDI complains that Citicorp seeks damages
against TDI, other than for the payment of fees, for alleged errors or
omissions arising out of the provision of professional services by TDI; that
the trial court disregarded the pleaded facts and TDI’s affidavit in support of
its position; and that the trial court misconstrued or misapplied section
150.002 of the Texas Civil and Practices Remedies Code and section 1001.003 of
the Texas Occupations Code when it determined that Citicorp’s claims against
TDI did not require a certificate of merit.  Citicorp responds that it does not
contend that TDI provided any professional engineering services related to the
retrofit and that TDI admitted in its responses to request for disclosure that
it did not have any engineering or design obligations related to the retrofit. 
We agree with TDI.

          A.      Standard
of Review

          We
review a trial court’s ruling on a motion to dismiss for an abuse of
discretion.  Jernigan v. Langley, 195 S.W.3d 91, 93 (Tex. 2006); Palladian
Bldg. Co., Inc. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex.
App.—Fort Worth 2005, no pet.).  To determine whether a trial court abused its
discretion, we must decide whether the trial court acted without reference to
any guiding rules or principles; in other words, we must decide whether the act
was arbitrary or unreasonable.  Cire v. Cummings, 134 S.W.3d 835, 838–39
(Tex. 2004).  A trial court has no discretion in determining what the law is or
applying the law to the facts.  Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992).

Statutory
construction is a question of law which we review de novo.  Palladian Bldg.,
165 S.W.3d at 436.  In construing a statute, our primary objective is to
determine and give effect to the legislature’s intent.  Tex. Dep’t of
Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002).  We look at the statute’s
plain and common meaning because we presume the legislature intended the plain
meaning of its words.  Nat’l Liab. & Fire Ins. Co. v. Allen, 15
S.W.3d 525, 527 (Tex. 2000).  We presume that the legislature intended the
entire statute to be effective.  See Tex. Gov’t Code Ann. § 311.021
(Vernon 2005).  “[I]t is settled that every word in a statute is presumed to
have been used for a purpose; and a cardinal rule of statutory construction is
that each sentence, clause and word is to be given effect if reasonable and
possible.”  Tex. Workers’ Comp. Ins. Fund v. Del Indus., Inc., 35 S.W.3d
591, 593 (Tex. 2000) (quoting Perkins v. State, 367 S.W.2d 140, 146
(Tex. 1963)).  Courts should not adopt a construction that renders statutory
provisions meaningless.  Fleming Foods of Tex. v. Rylander, 6 S.W.3d
278, 284 (Tex. 1999).  Once we determine the proper construction of a statute,
we determine whether the trial court abused its discretion in the manner in
which it applied the statute to the instant case.  Palladian Bldg., 165
S.W.3d at 436.

B.      Former
Section 150.002 Applies to this Case

The applicable version of former section
150.002 provides,[2] in
relevant part:

§ 150.002.
Certificate of Merit

(a) In any
action . . . for damages arising out of the provision of professional
services by a licensed or registered professional, the plaintiff shall be
required to file with the complaint an affidavit of a third-party . . .
licensed professional engineer competent to testify, holding the same
professional license as, and practicing in the same area of practice as the
defendant, which affidavit will set forth specifically at least one negligent
act, error, or omission claimed to exist and the factual basis for each such
claim. . . .

 

(b) The
contemporaneous filing requirement of Subsection (a) shall not apply to any case
in which the period of limitation will expire within 10 days of the date of
filing and, because of such time constraints, the plaintiff has alleged that an
affidavit . . . could not be prepared.  In such cases, the plaintiff
shall have 30 days after the filing of the complaint to supplement the
pleadings with the affidavit.  The trial court may, on motion, after hearing
and for good cause, extend such time as it shall determine justice requires.

 

. . . .

 

(d) The
plaintiff’s failure to file the affidavit in accordance with Subsection (a) or
(b) shall result in dismissal of the complaint against the defendant.  This
dismissal may be with prejudice.

 

Act
of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348;
Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370
(amended 2009).

Former section 150.002(a) requires a
certificate of merit only in actions or arbitration proceedings “for damages
arising out of the provision of professional services by a licensed or
registered professional.”  Id.  By its plain language, the
certificate-of-merit statute is compulsory, not discretionary.  Although the
statute gives the trial court discretion to allow a plaintiff more time in
which to obtain the certificate in the one circumstance identified, it does not
grant the trial court discretion to waive the requirement altogether, and it
mandates dismissal of any claims for which a certificate is required and not
produced.  See id.; see also UOP, L.L.C. v. Kozak, No.
01-08-00896-CV, 2010 WL 2026037, *4 (Tex. App.—Houston [1st Dist.] May 20, 2010,
no pet.) (mem. op.).

In
determining what “the provision of professional [engineering] services” in
former section 150.002(a) means, we are guided by the Texas Occupations Code’s
definition of the practice of engineering.  See Ashkar Eng’g Corp. v. Gulf
Chem. & Metallurgical Corp., No. 01-09-00855-CV, 2010 WL 376076, at *9
(Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (looking to
Texas Occupations Code to ascertain same issue, with respect to practice of
engineering); see also Curtis & Windham Architects, Inc. v. Williams,
315 S.W.3d 102, 108 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (same, with
respect to practice of architecture).  The occupations code defines the practice
of engineering as “the performance of . . . any public or private
service or creative work, the adequate performance of which requires
engineering education, training, and experience in applying special knowledge
or judgment of the mathematical, physical, or engineering sciences to that
service or creative work.”  Tex. Occ. Code Ann. § 1001.003(b) (Vernon
Supp. 2010).  The practice of engineering includes, among other things, design
of engineering works or systems; engineering for construction of real property;
engineering for preparation of operating or maintenance manuals; and “any other
professional service necessary for the planning, progress, or completion of an
engineering service.”  Id. § 1001.003(c).

Thus,
based on the definitions provided in the occupations code, and the plain
language of former section 150.002(a), a claim for damages asserted against a
professional engineer arises out of the provision of professional services (and
thus requires a certificate of merit) if the claim implicates the engineer’s
education, training, and experience in applying special knowledge or judgment. 
See Gomez v. STFG, Inc., No. 04-07-00223-CV, 2007 WL 2846419, at *3
(Tex. App.—San Antonio Oct. 3, 2007, no pet.) (mem. op.) (holding that claims
for tortious interference, conspiracy, breach of contract, wrongful
termination, and breach of fiduciary duty, loyalty, and good faith and fair
dealing did not require certificate of merit because they did not “implicate a
professional engineer’s education, training, and experience in applying special
knowledge or judgment”).  Conversely, if a plaintiff’s claim for damages does
not implicate the special knowledge and training of the subject professional,
it cannot be a claim for damages arising out of the provision of professional
services.  See Williams, 315 S.W.3d at 108.

As
pleaded here, Citicorp’s negligence claim implicated TDI’s engineering
education, training, and experience because it was premised on TDI’s knowledge
of the installation and testing of complex machinery and equipment; namely, the
retrofitted SCR exhaust scrubber installed and tested for emissions reduction
purposes.  That is, it was TDI’s engineering expertise that underlay its
alleged liability for having failed to “exercise reasonably prudent and ordinary
care in the installation” of the SCR, and for failing to “adequately and
properly inspect[,] . . . verify[,] . . . take reasonable
and necessary precautions so as to prevent harm to[, and] perform” backpressure
testing of the SCR.  Additionally, the occupations code defines the practice of
engineering services to include “engineering for preparation of an operating or
maintenance manual”; “a service, . . . analysis, or other work
performed . . . in connection with a utility, structure, building,
machine, equipment, process, system, work, project, or industrial . . .
product or equipment of a mechanical . . . [or] hydraulic . . .
nature”; and “any other professional service necessary for the . . . progress,
or completion of an engineering service”—all of which describe many of Citicorp’s
negligence allegations against TDI as pleaded.  See Tex. Occ. Code Ann.
§ 1001.003(c)(8), (10), (12).  Therefore, we conclude that Citicorp’s
negligence claims, as pleaded, were claims for damages arising out of the provision
of professional services by a licensed or registered professional engineer
within the meaning of former section 150.002(a).

Citicorp
argues that TDI cannot contend that it provided professional engineering
services, thus requiring Citicorp to file a certificate of merit, because in
its response to disclosure, TDI denied having any engineering obligations in
its installation and testing of the SCR.  We conclude that discovery has no
bearing on whether a certificate of merit is required.  First, the statute
itself contemplates that the determination of whether a certificate of merit is
required is determined at the time the claim is filed, before any discovery.  See
Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (e) (“[T]he
plaintiff shall . . . file [the certificate of merit] with the
complaint[;] . . . failure to file . . . shall result in
dismissal of the complaint.”).  With this in mind, we conclude that the proper
approach when determining whether a certificate of merit is required is to look
solely at the pleadings to determine the nature of the claim and not at
discovery between the parties.  Second, Texas law in the area of medical expert
reports—an area analogous to the case law applicable to this case—also leads us
to conclude that we are to look to the nature of the claim pleaded only in
order to determine whether a certificate of merit is required.  See Diversicare
Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 848 (Tex. 2005) (reasoning
that a court is to look to the nature of the claim only to determine whether a claim
is in fact a health care liability claim requiring a medical expert report); see
also Landreth v. Las Brisas Council
of Co-Owners, Inc., 285 S.W.3d 492, 499–501 (Tex. App.—Corpus Christi 2009,
no pet.) (analogizing 150.002’s certificate of merit with medical expert
report).

Because
we conclude that the negligence claims alleged against TDI are both claims for
damages arising out of the provision of professional services by a licensed or
registered professional and claims for negligent acts, errors, or omissions
arising out of the provision of those services, Citicorp was required to file a
certificate of merit with its claims against TDI.  Having failed to do so,
Citicorp’s claims against TDI should have been dismissed.  We hold that the
trial court abused its discretion by denying TDI’s motion to dismiss Citicorp’s
claims against TDI.  Thus, we sustain TDI’s three issues.

IV.  Conclusion

Having sustained TDI’s three issues, we
reverse the trial court’s order and remand the case with instructions for the
trial court to dismiss Citicorp’s claims against TDI.

 

 

BILL MEIER
JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MEIER, JJ.

 

DAUPHINOT, J. filed a dissenting opinion.

 

DELIVERED:  April 7, 2011









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00030-CV

 

 


 
 
 TDINDUSTRIES, INC.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 CITICORP NORTH AMERICA, INC.
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE
362ND DISTRICT COURT OF DENTON COUNTY

----------

DISSENTING
OPINION

----------

          Because
the majority begins with the assumption that only an engineer could adequately
perform the acts alleged not to have been performed, I must respectfully
dissent.  The majority relies on three subsections in the definition of the
practice of engineering, none of which I believe apply to Citicorp’s claims.

Subsection
(c)(8) includes in the definition of the practice of engineering “engineering
for preparation of an operating or maintenance manual.”[3] 
In other words, if an engineer practices engineering, even if the work is for purposes
of preparation of a manual rather than for a physical client project, the work
is still considered the practice of engineering.

Subsection
(c)(12) includes “any other professional service necessary for the planning,
progress, or completion of an engineering service.”[4] 
This definition makes all stages of the provision of an engineering service
part of the practice of engineering, but it does not on its face relate to any
task not necessary for the provision of what is otherwise an engineering
service.

Subsection
(c)(10), as the majority states, includes as the practice of engineering “a
service, . . . analysis, or other work performed . . . in
connection with a utility, structure, building, machine, equipment, process,
system, work, project, or industrial . . . product or equipment of a
mechanical . . . [or] hydraulic . . . nature.”[5] 
By relying on this section, the majority appears to conclude that because the
definition of the provision of engineering services can include work performed
in connection with a machine or equipment of mechanical or hydraulic nature,
any work performed in connection with any machine or equipment of a mechanical
or hydraulic nature is necessarily engineering, and therefore Citicorp’s claims
must be based on the provision of engineering services.  I disagree.  Not all
work on all mechanical equipment can be engineering; if it were, even a
mechanic changing the oil in a customer’s car would be practicing engineering,
and a suit over a negligent oil change would require the expert report of an
engineer.  Such work is not engineering if it does not require “engineering
education, training, and experience” to be adequately performed.[6] 
To hold otherwise would lead to an absurd result.  The majority, however, does
not explain why the alleged improperly omitted acts in this case required the
education, training, and experience of an engineer to be adequately performed,
or why the trial court erred by concluding, after reviewing affidavits of Citicorp’s
expert and TDI’s senior vice president, that they did not.  Because I believe
that Citicorp did not assert claims for damages arising out of the provision of
professional engineering services, I respectfully dissent.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

DELIVERED:  April 7, 2011









[1]See Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
2008).





[2]The Eighty-first Texas
Legislature amended section 150.002, effective as of September 1, 2009.  See
Act of June 19, 2009, 81st Leg., R.S., ch. 789, §§ 3–4, 2009 Tex. Gen.
Laws 1989–1990 (effective Sept. 1, 2009).  Because this suit was filed on
February 26, 2009, these amendments do not apply to this case.  See id.  All
citations to the statute in this opinion are to the version in effect prior to
the 2009 amendments.  Both parties agree that the version in effect prior to the
2009 amendments applies in this case.





[3]Tex. Occ. Code Ann. §
1001.003(c)(8) (Vernon Supp. 2010) (emphasis added).





[4]Id. § 1001.003(c)(12)
(emphasis added).





[5]Id. § 1001.003(c)(10).





[6]Id. § 1001.003(b).