02-10-259-CV















 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-10-00259-CV

 

 


 
 
 CTL/Thompson Texas, LLC; Michael
 L. Lester, P.E.; Che-Hung Tsai, Ph.D., P.E.; and Srikanth Dinakaran, P.E.
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Morrison Homes and Sheffield
 Development Company, Inc.
 
 
  
 
 
 APPELLEES 
 
 


 

 

----------

 

FROM THE
153rd District Court OF Tarrant
COUNTY

----------

 

OPINION

----------

 

I.  Introduction

Appellants
CTL/Thompson Texas, LLC; Michael L. Lester, P.E.; Che-Hung Tsai, Ph.D., P.E.; and Srikanth
Dinakaran, P.E. (collectively, “CTL”)
perfected this interlocutory appeal from the trial court’s denial of their
motions to dismiss the claims of Appellees Morrison
Homes and Sheffield Development Company, Inc. for Appellees’
alleged failure to file certificates of merit as required by chapter 150 of the
Texas Civil Practice and Remedies Code. 
For the reasons set forth below, we will dismiss CTL’s
appeal from the July 6, 2010 order denying CTL’s
second motion to dismiss Morrison Homes’s claims
against CTL, and we will affirm the trial court’s denial
of CTL’s motion to dismiss Sheffield’s cross-claims.

II.  Factual and
Procedural Background

In
2007, Morrison Homes sued Sheffield for breach of contract and other claims
arising out of Sheffield’s sale to Morrison Homes of land for a residential
subdivision.  CTL
had provided geotechnical engineering services for Sheffield, and Morrison
Homes sued CTL for professional negligence, negligent
misrepresentation, and breach of warranty. 
Morrison Homes’s original petition included a
certificate of merit by Jim L. Hillhouse, P.E. (the Hillhouse certificate). 
In March 2008, CTL moved to dismiss Morrison Homes’s claims against it on the ground that the Hillhouse certificate was inadequate.

Subsequently,
Sheffield filed cross-claims and amended cross-claims against CTL for contribution and/or indemnity, breach of contract,
breach of express warranty, and negligence. 
Sheffield expressly referenced and incorporated the Hillhouse
certificate in its cross-claims against CTL.

CTL
filed cross-claims against Sheffield.  CTL demanded contribution from Sheffield and also pleaded a
negligence cause of action against Sheffield. 
In its cross-claims against Sheffield, CTL
also adopted and relied upon the Hillhouse
certificate.

After
the above pleadings had been filed, the trial court signed a July 3, 2008 order
denying CTL’s motion to dismiss Morrison Homes’s claims against it on the ground that the Hillhouse certificate was inadequate.  CTL did not perfect
an interlocutory appeal from that order.

In
2009, Morrison Homes amended its pleadings to include additional factual
allegations against CTL and to add a new claim
against CTL for fraud in a real estate transaction.  CTL then filed two
motions to dismiss:  a second motion to
dismiss seeking dismissal of all of Morrison Homes’s
claims against it and a motion to dismiss Sheffield’s claims against it.

CTL’s
second motion to dismiss Morrison Homes’s claims
asserted that the Hillhouse
certificate filed by Morrison Homes—the same certificate of merit that CTL had challenged in its first motion to dismiss—was
inadequate.  Morrison Homes responded
that CTL had waived any further complaints concerning
the adequacy of the Hillhouse certificate because CTL had failed to perfect an appeal from the trial court’s
July 3, 2008 order denying CTL’s first motion to
dismiss.

CTL’s
motion to dismiss Sheffield’s cross-claims asserted that Sheffield had failed
to file a certificate of merit. 
Sheffield responded that it was not required to file a certificate of
merit to pursue a contribution and/or an indemnity claim and that to the extent
a certificate of merit was required by its claims for breach of contract,
breach of express warranty, and negligence—which Sheffield pleaded were purely
derivative of Morrison Homes’s claims—that requirement
was satisfied by the Hillhouse certificate that
Sheffield had incorporated into its cross-claims.

The
trial court conducted a hearing on both of CTL’s
dismissal motions and signed two July 6, 2010 orders denying them—one order
denying CTL’s second motion to dismiss Morrison Homes’s claims and one order denying CTL’s
motion to dismiss Sheffield’s claims.  CTL then perfected this interlocutory appeal challenging
the trial court’s denial of both of its motions to dismiss.

III.  Chapter 150 of the
Texas Civil Practice and Remedies Code[1]

The
controlling version of the statute provides, in pertinent part:

(a)  
In
any action for damages alleging professional negligence by a design
professional, the plaintiff shall be required to file with the complaint an affidavit
of a third-party registered . . . licensed professional engineer competent to
testify and practicing in the same area of practice as the defendant, which
affidavit shall set forth specifically at least one negligent act, error, or
omission claimed to exist and the factual basis for each such claim.  The third-party professional engineer . . .
shall be licensed in this state and actively engaged in the practice of . . .
engineering.

 

   . . . .

 

(d) The plaintiff’s
failure to file the affidavit in accordance with Subsection (a) or (b) may
result in dismissal with prejudice of the complaint against the defendant. 

 

See Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a),
(d) (Vernon 2005).

IV.  Standard of Review

An
order granting or denying a motion to dismiss made pursuant to chapter 150 of
the Texas Civil Practice and Remedies Code is immediately appealable as an
interlocutory order.  Id. § 150.002(e); Landreth v. Las Brisas Counsel of Co-Owners, Inc.,
285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009,
no pet.).  We review the denial of
a defendant’s motion to dismiss pursuant to section 150.002 under an abuse of
discretion standard.  Landreth, 285 S.W.3d
at 496; Criterium-Farrell Eng’rs v.
Owens, 248 S.W.3d 395, 397 (Tex. App.—Beaumont
2008, no pet.); see also Palladian Bldg. Co. v. Nortex
Found. Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.).

A
trial court abuses its discretion when it acts in an unreasonable and arbitrary
manner or without reference to any guiding rules or principles. Palladian, 165 S.W.3d at 433. 
That a trial court decided a matter within its discretion in a different
manner than an appellate court does not demonstrate an abuse of discretion, id., but a clear failure by the trial
court to analyze or apply the law correctly does constitute an abuse of
discretion.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).

If
resolution of an issue requires us to construe statutory language, we apply a
de novo standard of review to the statute’s construction.  See
Entergy Gulf States, Inc. v. Summers, 282 S.W.3d
433, 437 (Tex. 2009); Palladian, 165 S.W.3d at 436 (citing Tex.
Dep’t of Transp. v. Needham, 82 S.W.3d 314, 318
(Tex. 2002)).  Once we determine the
proper construction of the statute, we determine whether the trial court abused
its discretion in the manner in which it applied the statute to the instant
case.  See Palladian, 165 S.W.3d
at 436.

V.  No Abuse of
Discretion by Failing to Dismiss

Morrison Homes’s Claims

 

In
its first two issues, CTL claims that the trial court
abused its discretion by denying CTL’s second motion
to dismiss Morrison Homes’s claims.  In its fifth issue, CTL
argues that, to the extent the trial court implicitly found that CTL had waived its right to dismissal of Morrison Homes’s claims, such a finding constituted an abuse of
discretion.

CTL’s
first motion to dismiss Morrison Homes’s claims and
its second motion to dismiss Morrison Homes’s claims
both seek dismissal based solely on the alleged inadequacy of the Hillhouse certificate. 
CTL’s second motion to dismiss alleges
additional purported inadequacies that CTL did not
allege in its first motion to dismiss and cites additional case law, but
otherwise, the motions are the same.  CTL concedes that it did not perfect an appeal from the
trial court’s July 3, 2008 order denying CTL’s first
motion to dismiss Morrison Homes’s claims against
it.  CTL
likewise concedes that its second motion to dismiss—denied by the trial court on
July 6, 2010—challenges the same Hillhouse
certificate.

An
interlocutory order that is not timely appealed is not reviewable by this court.  See City
of Houston v. Estate of Jones, 321
S.W.3d 668, 670–71 (Tex. App.—Houston [14th Dist.] 2010,
pet. filed); State v. Ruiz Wholesale Co., 901 S.W.2d
772, 775 (Tex. App.—Austin 1995, no writ); Desai
v. Reliance Mach. Works, Inc., 813 S.W.2d 640,
641 (Tex. App.—Houston [14th Dist.] 1991, no writ); Cellular Mktg., Inc. v. Houston Cellular Tel. Co., 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no
writ); Tober v. Turner of Tex., Inc., 668 S.W.2d 831, 833–34 (Tex. App.—Austin 1984, no writ).  Thus, we do not possess interlocutory
jurisdiction over the trial court’s July 3, 2008 order.  See Tex.
R. App. P. 26.1(b) (providing that in accelerated appeal, notice of appeal must
be filed within twenty days of the date the judgment or order is signed); see also Stary v. DeBord, 967 S.W.2d 352, 352–53
(Tex. 1998) (holding that we are to strictly construe statutes allowing
interlocutory appeals).

We
likewise do not possess jurisdiction over the trial court’s July 6, 2010 order
denying CTL’s second motion to dismiss Morrison Homes’s claims.[2]  To the extent the July 6, 2010 order simply
rules on the same matters already ruled on by the trial court in the July 3,
2008 order, it is not an appealable order. 
Denton County v.
Huther, 43 S.W.3d 665,
666–67 (Tex. App.—Fort Worth 2001, no pet.) (holding
that order denying “renewed plea to the jurisdiction” was not an appealable
order; appellant had not appealed from original order denying plea to jurisdiction).  To the extent that the July 6, 2010 order
rules on new attacks on the adequacy of the Hillhouse
certificate, it is still not an appealable order because nothing in chapter 150
authorizes a defendant to raise successive adequacy challenges to the same
certificate of merit, one challenge at a time, or to perfect successive appeals
from a trial court’s ruling on those motions. 
To the contrary, the plain language of the statute and the objectives to
be obtained by the statute would be undermined by such a construction.  See
Tex. Gov’t Code Ann. § 311.023 (Vernon 2005)
(explaining that, in construing a statute, courts may consider object sought to
be attained by the statute, among other things).  The purpose of a certificate of merit is to
provide a basis for the trial court to conclude that the plaintiff’s claims
have merit.  Criterium-Farrell Eng’rs, 248 S.W.3d at 399.  Once the trial court reviewed the Hillhouse certificate filed by Morrison Homes with its
original petition and denied CTL’s first motion to
dismiss[3] via the
July 3, 2008 order, the trial court had determined that the Hillhouse
certificate satisfied the statutory requirement by providing a basis for the
trial court to conclude that at least one of Morrison Homes’s
claims had merit.  See Tex. Civ. Prac. &
Rem. Code Ann. § 150.002(a) (requiring certificate of merit only to set forth
at least one negligent act, error, or omission claimed to exist); Criterium-Farrell Eng’rs,
248 S.W.3d at 399.  Strictly construing chapter 150, after the determination
by the trial court that the Hillhouse certificate
comported with the statutory requisites, the statute provides no right to any further
review of the Hillhouse certificate or to appeal any
further review of the Hillhouse certificate.  See Tex.
Civ. Prac. & Rem. Code Ann. § 150.002; see also Stary,
967 S.W.2d at 352–53 (requiring us to strictly
construe statutes allowing interlocutory appeals).

CTL
nonetheless contends on appeal that its second motion to dismiss is in the nature
of a motion for rehearing.  CTL argues that “[r]econsideration
is always appropriate when there is a change in the law” because

[i]n
the two years since the trial court’s denial of CTL’s
first dismissal motion, Texas appellate courts have addressed a wide variety of
issues interpreting Chapter 150 and involved in this case, such as whether
there is a standard of care requirement, whether there is a deadline for
seeking dismissal, and which claims are subject to dismissal.

 

CTL explicitly advised
the trial court that CTL sought dismissal of Morrison
Homes’s original claims based on changes in the law
due to interpretive case authority issued after the trial court denied CTL’s first dismissal motion two years earlier. 

  

But
no statute exists giving us interlocutory jurisdiction over an order denying a
motion to reconsider.  See Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (Vernon 2008) (authorizing a
variety of interlocutory appeals but not including an appeal from an order
denying a motion to reconsider); § 150.002(e) (authorizing immediate appeal
from an order granting or denying motion to dismiss), Digges v. Knowledge Alliance, Inc., 176 S.W.3d
463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (dismissing attempted appeal from trial court’s denial of
motion to reconsider); Denton County,
43 S.W.3d at 666–67 (same).  To the extent CTL’s
second motion for dismissal is in the nature of a motion for reconsideration,
the trial court’s July 6, 2010 order is not an appealable order.

CTL
also argues that because new case law developed between the time the trial
court ruled on CTL’s first motion to dismiss and the
time it filed its second motion to dismiss, the two motions constitute
different, stand-alone motions for dismissal. 
The mere fact that additional case law developed after the trial court
issued its July 3, 2008 order and was cited in CTL’s
second motion to dismiss does not make CTL’s second
motion to dismiss substantively different from its first motion to dismiss—both
challenge the adequacy of the Hillhouse certificate.  See
Denton County, 43 S.W.3d at 667 (holding that motion’s
inclusion of additional authority in support of appellants’ plea to the
jurisdiction that was not included in the plea when it was first presented to
the trial court did not transform the motion into a second, separate and
distinct plea to the jurisdiction and that order denying said “renewed plea to
the jurisdiction” was not an appealable order; appellants had not appealed from
original order denying plea to jurisdiction). 
And, as discussed above, the trial court denied CTL’s
first motion to dismiss, CTL failed to appeal that
ruling, and no statutory vehicle exists for further trial court or appellate
court review of the trial court’s determination that the Hillhouse
certificate provided a basis for the trial court to conclude that at least one
of Morrison Homes’s claims had merit.

CTL
additionally argues on appeal that its second motion to dismiss sought “for the
first time . . . dismissal of the new claims alleged against CTL in Morrison Homes’s Second
Amended Petition,” that is, Morrison Homes’s claim
for fraud in a real estate transaction.  Thus,
CTL appears to argue that it was at least entitled to
a ruling on the sufficiency of the Hillhouse
certificate as to that newly asserted claim. 
But, the version of the statute in effect for this case requires only
that the plaintiff file a certificate of merit (also called an affidavit) with the
plaintiff’s “complaint.”  Tex. Civ. Prac. &
Rem. Code Ann. § 150.002(a). 
As previously discussed, the certificate is required to set forth
specifically “at least one negligent act, error, or omission claimed to exist
and the factual basis for each such claim.” 
Id.  A defendant is not required to file “an
answer to the complaint and affidavit until 30 days after the filing of such
affidavit.”  Id. § 150.002(c).  Thus, the plain language of the statute
requires a certificate of merit or affidavit only in connection with the
plaintiff’s original complaint and requires the certificate of merit or
affidavit to set forth only one negligent act, error, or omission and the
factual basis for that one claim.  See id. § 150.002(a); see also Tex. Gov’t
Code Ann. § 311.011(a) (Vernon 2005) (requiring that words and phrases be read
in context and construed according to rules of common usage); City of Rockwall v. Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008) (“[W]e construe the
statute’s words according to their plain and common meaning, unless a contrary
intention is apparent from the context, or unless such a construction leads to
absurd results.” (citations omitted)).  We cannot judicially rewrite the statute, as CTL urges, to include some
requirement that a new, amended certificate of merit be filed each time a
plaintiff amends his pleadings to assert a new cause of action so that every
cause of action is addressed in a certificate of merit.  See Tex.
Civ. Prac. & Rem. Code Ann. §
150.002(a).

Finally,
CTL contends in its fifth issue that it did not waive
its right to a dismissal of Morrison Homes’s claims
because there is no deadline by which a defendant must move for dismissal.  Morrison Homes argues, however, that CTL waived its right to dismissal by not appealing the trial court’s July 3, 2008 order, not by waiting too long to file
its motion to dismiss; CTL does not respond to this
waiver argument.  Because, for the
reasons set forth above, we have held that we lack jurisdiction over the trial
court’s July 6, 2010 order, we need not address CTL’s
fifth issue.  See Tex. R. App. P. 47.1 (requiring appellate court to address only
issues necessary to disposition of appeal). 
In other words, because, for the reasons set forth above, CTL possesses no right of appeal from the July 6, 2010
order, it is not necessary for us to address its no-waiver contention.

For
all of these reasons, we hold that the July 6, 2010 order denying CTL’s second motion to dismiss Morrison Homes’s
claims is not an appealable order under the specific facts presented here.  We grant Morrison Homes’s
motion to dismiss CTL’s appeal from the July 6, 2010
order denying CTL’s second motion to dismiss Morrison
Homes’s claims against CTL.[4]

VI.  No Abuse of
Discretion by Failing to Dismiss Sheffield’s Claims

In
its third and fourth issues, CTL claims that the
trial court abused its discretion by not granting CTL’s
motion to dismiss Sheffield’s cross-claims. 
Sheffield, a defendant in the lawsuit, filed cross-claims against CTL for contribution and/or indemnity, breach of contract,
breach of express warranty, and negligence. 
In connection with its cross-claims, Sheffield pleaded,

Sheffield does not
seek to establish any different factual allegations against [CTL] regarding whether its work on the project fell below
the applicable professional standards. 
Sheffield only seeks contribution and/or indemnity from [CTL] on a claim that is derivative of the Plaintiff’s
claim.

 

Sheffield
pleaded that “[i]n the unlikely event Morrison Homes
recovers against Sheffield,” Sheffield is asserting breach of contract, breach
of express warranty, and negligence claims against CTL.
 Each of these cross-claims was set forth
in a separate paragraph and each alleged that CTL’s
conduct with respect to each cause of action was “described in the Certificate
of Merit filed by Plaintiff.”

CTL
moved to dismiss Sheffield’s cross-claims on the ground that Sheffield did not
file its own certificate of merit; CTL claimed that
Sheffield could not rely upon the Hillhouse
certificate filed by Morrison Homes.[5]  Based on the plain language of chapter 150, we
hold that chapter 150 does not apply to Sheffield’s cross-claims against CTL.

Section
150.002(a) requires a “plaintiff” to file a certificate of merit “with the
complaint.”  See Tex. Civ. Prac. &
Rem. Code Ann. § 150.002(a).  A
defendant is not required to file an answer to the complaint until thirty days
after the filing of the affidavit.  Id. § 150.002(c).  And, the purpose of the statutory certificate
of merit requirement is to be sure that the plaintiff’s claims have merit.  See
Criterium-Farrell Eng’rs,
248 S.W.3d at 399.  Here, Sheffield is a defendant, not a
plaintiff.  Compare Tex. R. Civ. P. 78–81 (pleadings of plaintiff), with Tex. R. Civ. P. 83–98 (pleadings of
defendant).  As a defendant, Sheffield
filed cross-claims against CTL, another
defendant.  See Tex. R. Civ. P. 97(e) (providing that cross-claim is asserted
by one party against a co-party). 
Additionally, because CTL had already made an
appearance in the action when Sheffield filed its cross-claims against CTL, CTL was deemed under the
rules of civil procedure to have filed a general denial to Sheffield’s
cross-claims.  See Tex. R. Civ. P. 92 (providing that party that has already made
an appearance in the action is deemed to have filed general denial to
cross-claim).  Thus, section 150.002(c)’s
provision that a defendant need not file an answer until thirty days after a
plaintiff files a certificate of merit is a nullity, never applicable to a
cross-claim pleaded, as here, against a defendant that has already appeared
because such a defendant, even in the absence of a responsive pleading, is
deemed to have filed a general denial.  See id. 
We are to construe a statute to give effect to all of its provisions;
the construction urged by CTL does not.  See
Tex. Gov’t Code Ann. § 311.021(2) (Vernon 2005) (providing
that we presume that the entire statute is intended to be effective).

CTL points to DLB Architects, P.C. v. Weaver, 305 S.W.3d
407 (Tex. App.—Dallas 2010, pet. denied) as support for its position, asserting
that the Dallas Court of Appeals in that case “held that a defendant/third-party
plaintiff was required to provide its own Certificate in order to pursue a
claim for indemnity and contribution against an architect.”  But the issue before the court in DLB Architects was whether chapter 150
applied to claims against architects not registered in Texas such that a
defendant/third-party plaintiff must file a certificate of merit when bringing
claims against the architect.  See id. at
409.  Here, unlike in DLB Architects, we are dealing with a defendant who has brought
cross-claims against another defendant, not a defendant who has brought a
third-party claim against another entity. 
Compare Tex. R. Civ. P. 92
(concerning cross-claims), with Tex.
R. Civ. P. 38 (concerning third-party practice).  This distinction is important because when,
as in the present case, a defendant files a cross-claim for contribution and
indemnity against a licensed or registered professional co-defendant to whom
chapter 150 applies, the plaintiff will have already filed a certificate of
merit concerning the conduct of that same licensed or registered professional;
if not, the plaintiff’s claims are subject to dismissal.  See
Tex. Civ. Prac. & Rem. Code
Ann. § 150.002.  But when a defendant files a third-party
petition against a licensed or registered professional that the plaintiff has
not sued, then obviously the plaintiff has not filed a
certificate of merit concerning the conduct of that licensed or registered professional;
consequently, the defendant acting as a third-party plaintiff seeking
contribution and indemnity must do so.  See DLB Architects, 305 S.W.3d
at 411.  Thus, when a defendant
files cross-claims against a co-defendant that is a licensed or registered
professional to whom chapter 150 applies, seeking contribution, indemnity, or a
derivative claim, the rules of statutory construction dictate that the
cross-claiming defendant may rely on the certificate of merit filed by the
plaintiff and is not required to file a second, independent certificate of
merit.  We hold that Sheffield was not
required to file its own certificate of merit but could rely on and incorporate
the Hillhouse certificate.  We overrule CTL’s
third and fourth issues.

VII.  Conclusion

Having
determined that we lack jurisdiction over the trial court’s July 6, 2010 order
denying CTL’s second motion to dismiss Morrison Homes’s claims, we dismiss CTL’s
appeal from the July 6, 2010 order denying CTL’s
second motion to dismiss Morrison Homes’s claims
against CTL. 
Having overruled CTL’s third and fourth
issues, we affirm the trial court’s July 6, 2010 order denying CTL’s motion to dismiss Sheffield’s cross-claims.

 

 

SUE WALKER
JUSTICE

 

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  March 3, 2011











[1]The 2005 version
of the statute is applicable here.  See Act of May 18, 2005, 79th Leg., R.S., ch. 208, §§ 2, 4–5, 2005
Tex. Gen. Laws 369, 369–70 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.003 (Vernon
Supp. 2010)); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348 (amended
2009) (current version at Tex. Civ. Prac. & Rem.
Code Ann. §§ 150.001–.002).  All
references in this opinion are to the 2005 version of section 150.002.





[2]Morrison Homes
filed a motion in our court to dismiss CTL’s appeal
for want of jurisdiction.  We carried
Morrison Homes’s motion to dismiss to submission of
the appeal, and as set forth in this opinion, we now grant it.





[3]CTL’s first motion to
dismiss expressly alleged that the Hillhouse
certificate “does not set forth any negligent act, error or omission or factual
basis for Plaintiff’s claims.”





[4]Because
we grant the motion to dismiss, we therefore do not rule on CTL’s
first, second, and fifth issues. 





[5]CTL filed
cross-claims against Sheffield.  CTL did not file its own certificate of merit but instead
pleaded that “[t]he work and services performed by [Sheffield] were negligent,
improper, incomplete, incorrect, faulty and defective, all as described in
Plaintiff’s Original Petition.”  Morrison
Homes argues that, by adopting its original petition, CTL
also adopted the Hillhouse certificate that was
attached to and incorporated in the original petition and that,
consequently, CTL relies on the very certificate it
is challenging.  Sheffield points out
that CTL relied on the Hillhouse
certificate in its cross-claims even though CTL argues
that Sheffield cannot do the same.