Opinion issued March 31, 2010


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00812-CV

———————————

TDIndustries, Inc., Appellant

V.

MARCO Rivera, Appellee



 



 

On Appeal from the 333rd District Court

Harris County, Texas



Trial Court Case No. 2009-08635

                                                                                                                     



 

O P I N I O N

          Appellant
TDIndustries, Inc. (“TDI”) appeals from the denial of its motion to dismiss
appellee Marco Rivera’s claims against TDI for failure to file a certificate of
merit pursuant to Section 150.002 of the Civil Practices and Remedies Code (the
“CPRC”).  In four issues, TDI argues that
the trial court abused its discretion by denying the motion to dismiss because
the claims pled by Rivera are governed by Section 150.002 and Rivera was
required to satisfy the certificate of merit requirement with his original petition.  We conclude that the trial court did not
abuse its discretion in determining that Rivera’s claims against TDI do not
implicate Section 150.002’s certificate of merit requirement, and we affirm. 

Background

          Rivera
sued TDI and the City of Houston to recover for injuries Rivera allegedly
incurred at the George R. Brown Convention Center when a freight elevator door
closed and struck him in the head while he was pushing a trash cart into the
elevator.[1]  The City of Houston owns the George R. Brown
Convention Center, and TDI provides management services to the City of Houston
for the convention center.  TDI is a
licensed professional engineering firm.  Under
his original petition filed February 11, 2009, Rivera’s claims against TDI and
the City of Houston were negligence and premises liability claims.

Rivera did not file a certificate
of merit with his original petition nor with his second, third or fourth amended
petitions.  On October 30, 2009, TDI
moved to dismiss Rivera’s complaint for failure to file a certificate of
merit.  On the day TDI’s motion to
dismiss was set for hearing, Rivera nonsuited his claims against TDI.  Seven months later, Rivera filed a certificate
of merit and fifth amended petition that reasserted his previously nonsuited
claims against TDI and added new claims for products liability, negligent
activity, and gross negligence against TDI and other defendants.  TDI filed a second motion to dismiss, arguing
that Rivera’s certificate of merit was untimely because it was not filed with his
original petition and, alternatively, the certificate of merit filed with
Rivera’s fifth amended petition was deficient because the affiant was not
“practicing in the same area of practice” as TDI.  

On the day before the hearing on
TDI’s motion to dismiss, Rivera filed its sixth amended petition, dropping TDI
from his products liability and negligent activity claims but retaining his
claims against TDI for negligence and premises liability.  After the hearing, Rivera filed a seventh
amended petition that further honed the allegations against TDI in Rivera’s
negligence and premises liability claims. 
Subsequently, the trial court denied TDI’s second motion to dismiss.  TDI appeals from this order.

Standard of Review

          Section
150.002(f) authorizes interlocutory appeal from a trial court’s grant or denial
of a motion to dismiss under that statute. 
Tex. Civ. Prac. & Rem. Code
Ann. § 150.002(f) (West Supp. 2010) (formerly § 150.002(e)).  We review such orders under an abuse of
discretion standard.  Curtis & Windham Architects, Inc.
v. Williams,
315 S.W.3d 102, 106 (Tex. App.—Houston [1st Dist.] 2010, no pet.);  UOP, L.L.C. v. Kozak, No. 01-08-00896-CV,
2010 WL 2026037, at *4 (Tex. App.—Houston [1st Dist.] May 20, 2010, no pet.)
(mem. op.); Ashkar Eng’g Corp. v. Gulf Chem. & Metallurgical Corp., No.
01-09-00855-CV, 2010 WL 376076, at *1 (Tex. App.—Houston [1st Dist.] Feb. 4,
2010) (mem. op.) supplemented, 2010 WL 1509287 (Tex. App.—Houston [1st
Dist.] Apr. 15, 2010, no pet.).  A trial
court abuses its discretion when it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law.  Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 161 (Tex. 2004).   If
resolution of the issue requires us to construe statutory language, we review statutory
construction de novo.  Entergy Gulf States, Inc. v. Summers, 282 S.W.3d 433, 437 (Tex. 2009); Ashkar,
2010 WL 376076, at *1.  Once we determine
the proper construction of the statute, we determine whether the trial court
abused its discretion in the manner in which it applied the statute to the
instant case.  Ashkar, 2010 WL
376076, at *1; Palladian Bldg. Co. v. Nortex Found. Designs, Inc., 165 S.W.3d 430, 436 (Tex. App.—Fort
Worth 2005, no pet.).  




 

Standard for Statutory Construction

 

In construing Section
150.002, our primary goal is to determine and give effect to legislative
intent.  Williams, 315 S.W.3d at 106 (citing City of San Antonio v. City of Boerne, 111 S.W.3d 22, 25 (Tex. 2003)).  The Legislature’s
intent must be derived from the express terms of the statute when
possible.  Ashkar, 2010 WL 376076, at *2; Tex. Gov’t Code Ann. § 311.023 (West
2005).  We look to the plain and common
meaning of the words the Legislature used unless a contrary intention is
apparent from the context, or unless such a construction leads to absurd
results.  City of Rockwall v. Hughes,
246 S.W.3d 621, 625–26 (Tex. 2008); Tex.
Dep’t of Transp. v. City of Sunset Valley, 146 S.W.3d 637, 642 (Tex. 2004).  We may also consider the objective the
Legislature sought to achieve through the statute, as well as the consequences
of a particular construction.  HCBeck, Ltd. v. Rice, 284 S.W.3d 349, 352 (Tex. 2009); Tex. Dep’t of
Transp., 146 S.W.3d at 642.  

TDI’s
Motion to Dismiss

 

A.      Applicable Law

 

          As an
initial matter, we note that Section 150.002 was amended by the Legislature
during the time between Rivera’s original filing of suit and Rivera’s
re-assertion of claims against TDI in his fifth amended and subsequent petitions.  Compare
Tex. Civ. Prac. & Rem. Code Ann.
§ 150.002 with Act of May 18,
2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370 (formerly
codified at Tex. Civ. Prac. & Rem.
Code § 150.002, amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch.
189, §§ 1-2, 2005 Tex. Gen. Laws 348, 348 (formerly codified at Tex. Civ. Prac. & Rem. Code §
150.002, amended 2009).  Neither party
argues that the current version of the statute applies to Rivera’s post-nonsuit
assertion of claims against TDI in 2010; because both parties agree that the 2005
version of the statute governs all issues, we apply the 2005 version of the
statute.[2] 

Former Chapter 150 applies to “any
action or arbitration
proceeding for damages arising out of the provision of professional services”
by a licensed engineering firm like TDI.  2005 Tex.
Gen. Laws at 348, 370 (formerly codified at Tex.
Civ. Prac. & Rem. Code § 150.002). 
The plaintiff in such an action is required to file a particular kind of affidavit, often
referred to as a “certificate of merit,” contemporaneously with the complaint
or, under certain specified conditions, within 30 days after the complaint.  Id.  The certificate of merit required by the
statute is an affidavit from a third-party professional who holds the same
license as the defendant.  Id.  For example, a plaintiff bringing suit
against an engineer on the basis of professional engineering services must file
a supporting affidavit from a licensed engineer.  Under the 2005 version of the statute, the
affidavit must “set forth specifically at least one negligent act, error, or
omission claimed to exist and the factual basis for each such claim.”  Id.  Under both versions of the statute, failure
to file a certificate of merit in accordance with the statute “shall result in
dismissal,” which dismissal “may be with prejudice.”  Id.  

B.      Which Petition Governs?

 

In determining the nature of a
party’s claims with respect to Chapter 150, we look to the allegations in the
party’s pleadings.  E.g., UOP, 2010 WL 2026037, at *3; Ashkar, 2010 WL 376076, at *7; Natex Corp. v. Paris Indep. Sch. Dist.,
326 S.W.3d 728, 734 (Tex. App.—Texarkana 2010, pet. filed).  Here, the parties dispute which petition we
should look to in determining this appeal. 
TDI argues that the original petition pled claims within the scope of
Chapter 150 and that Rivera’s failure to timely file a certificate of merit
with respect to that petition entitles TDI to dismissal of all of Rivera’s
subsequently pled claims against TDI. 
Rivera argues that the live pleadings govern, citing UOP, 2010 WL 2026037, at *1 (reviewing the live pleading at the
time of the dismissal order) and Consol. Reinforcement, L.P. v. Carothers
Executive Homes, Ltd., 271
S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.) (same).  

We will look to Rivera’s live pleadings at the time of the
motion to dismiss to determine whether Rivera’s claims against TDI fall within
the scope of Chapter 150.  Cf. UOP, 2010 WL 2026037, at *3; Consol. Reinforcement, 271 S.W.3d at 891.  If
Rivera’s claims against TDI are governed by Chapter 150, we will address TDI’s
argument that Rivera was required to file a certificate of merit with his
original petition and, by failing to do so, is barred from filing claims
against TDI in subsequent petitions.  If
Rivera’s claims against TDI do not fall within the scope of Chapter 150, they
are not barred by the statute.  Texas courts of appeals have consistently declined
to require the dismissal of non-Chapter 150 claims based on the plaintiff’s
failure to comply with Section 150.002 with respect to covered claims.  Landreth v. Las Brisas Council of
Co-Owners, Inc., 285 S.W.3d 492, 500 (Tex. App.—Corpus
Christi 2009, no pet.) (plaintiff’s failure to comply with Section 150.002 with
regard to claims covered by Chapter 150 did not require dismissal of
plaintiff’s other, non-Chapter 150 claims); Consol.
Reinforcement, LP, 271 S.W.3d at 895 (same); Gomez v. STFG, Inc., No. 04-07-00223-CV, 2007 WL 2846419,*3–4 (Tex.
App.—San Antonio Oct. 3, 2007, no pet.) (mem. op.) (same).

C.      Do Rivera’s Claims Against TDI Implicate Section 150.002?

 

          At
the time of the trial court’s order on TDI’s motion to dismiss, Rivera had two live
claims against TDI: negligence and premises liability.  Rivera argues that it did not need to file a
certificate of merit for these claims because Section 150.002 applies only to
negligence claims arising out of professional services and its claims against
TDI do not fall in that category.  TDI does
not address Rivera’s live pleadings expressly, focusing instead on Rivera’s
original petition and fifth amended petition, but argues by implication that
Chapter 150 does apply because TDI is a licensed professional engineering firm
and Rivera’s claims arise out of its “provision of professional services” at
the convention center.  We conclude that
the trial court did not abuse its discretion in determining that Rivera’s
negligence and premises liability claims against TDI fall outside of the
category of claims governed by Section 150.002.

                    1.       Negligence

          Former
Section 15.002’s certificate of merit requirement applies to “any action or
arbitration proceeding for damages arising out of the provision of professional services”
by a “licensed or registered professional.”  2005 Tex. Gen. Laws at 348, 370.  It is uncontested that TDI is a licensed,
professional engineering firm within the statutory definition of a “licensed or
registered professional.”  Id. at 348.  The question, then, is
whether Rivera’s negligence claims “aris[e] out of the provision of
professional services” by TDI within the meaning of the statute.  Id. at
370.

          To
determine whether claims “aris[e] out of the provision of professional
[engineering] services” within the meaning of Section 150.002(a), we look to
the definition of the practice of engineering in the Texas Occupations
Code.  UOP, 2010
WL 2026037, at *5 (citing Ashkar,
2010 WL 376076, at *9; Williams, 315
S.W. 3d at 107–09).  The Occupations Code
defines the practice of engineering as the performance of “any public or
private service or creative work, the adequate performance of which requires
engineering education, training, and experience in applying special knowledge
or judgment of the mathematical, physical, or engineering sciences to that
service or creative work.”  Tex. Occ. Code Ann. § 1001.003(b) (West
Supp. 2009).  The practice of engineering
includes, among other things, design of engineering works or systems;
engineering for construction of real property; engineering for preparation of
operating or maintenance manuals; and “any other professional service necessary
for the planning, progress, or completion of an engineering service.”  Id. § 1001.003(c).  

The Texas courts of appeals have held that a claim “arises
out of the provision of professional [engineering] services” if the claim
implicates the engineer’s education, training, and experience in applying
special knowledge or judgment.  E.g., Williams, 315 S.W.3d at 108
(holding that claims based on alleged overbilling did not implicate a
professional engineer’s education, training, and experience in applying special
knowledge or judgment); Consol.
Reinforcement, 271 S.W.3d at 894–95 (holding that plaintiff’s claims for
breach of contract, deceptive trade practices and breach of warranty did not
implicate a professional engineer’s education, training, and experience in
applying special knowledge or judgment); Gomez,
2007 WL 2846419, at *3 (holding that claims for tortious interference,
conspiracy, breach of contract, wrongful termination, and breach of fiduciary
duty, loyalty, and good faith and fair dealing did not require certificate of
merit because they did not “implicate a professional engineer’s education,
training, and experience in applying special knowledge or judgment.”).

          Rivera’s negligence claim against
TDI rests on the allegation that a TDI employee, who does not hold any
professional engineering license, was operating the freight elevator at the
time of Rivera’s injury and acted negligently by (1) failing to keep a proper
lookout for Rivera’s safety, (2) turning on the elevator when it was unsafe to
do so, (3) pressing a button inside the elevator that made the door strike
Rivera’s head, and (4) failing to contact the maintenance company to repair the
elevator.  In light of Rivera’s pleadings,
we conclude that the trial court was within its discretion in determining that
the negligent conduct alleged by Rivera does not implicate a professional engineer’s education, training, and
experience in applying special knowledge or judgment.  See Williams,
315 S.W.3d at 108; Gomez, 2007 WL
2846419, at *3.  We do not take the
position that operation of a freight elevator could never implicate a
engineer’s specialized knowledge or judgment; there is simply a reasonable
basis for the trial court to determine that the circumstances pled by Rivera do
not implicate such knowledge or judgment, particularly in light of the
uncontested allegation that the employee in question did not hold an
engineering license.  

We conclude that the trial court
did not abuse its discretion in determining that Rivera’s negligence claim
against TDI does not “aris[e] out of the provision of professional services by a licensed or
registered professional.”  See 2005 Tex. Gen. Laws at 370; cf. Williams, 315 S.W.3d at 108; Gomez, 2007 WL 2846419, at *3. 

2.       Premises Liability

          Rivera
argues that premises liability claims are not governed by Section 150.002
because Chapter 150 governs professional negligence claims and premises
liability claims that are based on a simple negligence standard.  We consider the narrower question of whether
Rivera’s premises liability claim pled against TDI “aris[e] out of the provision of professional services
by a licensed or registered professional” because this is the test for
application of the certificate of merit requirement stated in the statute. [3] 
Tex. Civ. Prac. & Rem. Code §
150.002(a); Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws
369, 370.  

Rivera’s premises liability claim against TDI is based on
allegations that: (1) TDI had control over the convention center; (2) the
freight elevator “whose door would come down unexpectedly,” constituted an
unreasonably dangerous condition on the premises that proximately caused
Rivera’s injury; (3) TDI had actual or constructive knowledge of the dangerous
condition; and (4) TDI failed to warn of or make safe the dangerous condition.  These pleadings do not
clearly establish that Rivera’s claims against TDI implicate an “engineer’s education, training, and
experience in applying special knowledge or judgment,” so as to arise out of
the provision of professional engineering services.  Cf.
Williams, 315 S.W.3d at 108; Consol.
Reinforcement, 271 S.W.3d at 890; Gomez,
2007 WL 2846419, at *3.  We conclude that
the trial court was within its discretion in deciding that Rivera’s claims are
not within the scope of Chapter 150.

Although both parties rely heavily on evidence filed in
support or opposition of the motion to dismiss, TDI has taken the position —
both at the hearing on the motion to dismiss and on appeal — that the trial
court may not consider discovery or other evidence outside of Rivera’s
pleadings in determining whether Chapter 150 applies to Rivera’s claims, citing
Landreth, 285 S.W.3d at 498.  TDI’s
reliance on Landreth is
misplaced.  The discussion TDI cites from
Landreth relates to the trial court’s
analysis of the sufficiency of a certificate of merit to comply with the
statute.  Id.  The Landreth court concluded that the certificate of merit must comply
with the statute in its own right—i.e., within the four corners of the
affidavit.  Id. at 498-500.  The Landreth court did not hold that the
trial court is limited to the plaintiff’s pleadings in determining whether or
not Chapter 150 applies to the plaintiff’s claims.  See id.  

We conclude that the trial court acted
within its discretion in determining that Rivera’s premises liability claims
against TDI did not implicate Section 150.002’s certificate of merit
requirement.

Issues
Not Reached

Because we conclude
that the trial court did not abuse its discretion in determining that Rivera’s
claims against TDI are not governed by Chapter 150 of the CPRC, we do not reach
the issues of whether Rivera’s failure to file a certificate of merit with his
original petition precluded Rivera from bringing subsequent Chapter 150 claims against
TDI or whether Rivera’s certificate of merit satisfied the requirements of
Section 150.002 with respect to TDI.

Conclusion

We
affirm the trial court’s denial of TDI’s motion to dismiss and remand the case
for further proceedings. 

 

                                                                   Elsa
Alcala

                                                                   Justice


 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.

 











[1]           Rivera
added additional defendants in subsequent petitions, including the elevator
manufacturer and the elevator maintenance contractor.





[2]
          The 2009 amendments to the statute became affective in September 2009
and apply to “any action or arbitration filed or commenced on or after the
effective date[.]”  See Act of June 19, 2009, 81st Leg., R.S., ch.
789 § 3, 2009 Tex. Gen. Law 1989, 1989–1990 (effective Sept. 1, 2009).





[3]           Rivera points out that this Court and other
courts of appeals have interpreted the 2005 version of Section 150.002 as
applying only to claims based on a “negligent act, error or omission.”  E.g., Williams, 315 S.W. 3d at 107–08;
Landreth v. Las Brisas Council of
Co-Owners, 285 S.W. 3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.); Consol. Reinforcement, 271 S.W. 3d at
892; Kniestedt v. Sw. Sound and Elecs.,
Inc., 281 S.W. 3d 452, 455 (Tex. App.—San Antonio 2007, no pet.).  Because it is not determinative of the claims
here—each of which include an allegation of a negligent act or omission by
TDI—we do not address this issue.  We
note, however, that language in the statute central to the analysis in these
cases was changed by the Legislature in the 2009 amendments.  Compare
Act
of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 370
(requiring that the certificate of merit “set forth specifically at least one negligent
act, error, or other omission claimed to exist and the factual basis for each
such claim”) with Tex. Civ. Prac. & Rem. Code Ann. §
150.002(b) (requiring an affidavit that the certificate of merit “set forth
specifically the negligence, if any, or other action, error, or omission of the
licensed or registered professional in providing the professional service,
including any error or omission in providing advice, judgment, opinion, or a
similar professional skill claimed to exist and the factual basis for each such
claim”).